To: DOUGLAS C PALMER                                    2/19/22

CLERK OF COURT

FROM: JONATHAN NEIRA

CASE(s) #: 2:21-CV-04338-JMA-AyS

2:21-CV-06747-JMA-AyS

2:22-CV-00416-JMA-AyS

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   FEB 2 5 2022   ★

LONG ISLAND OFFICE

THE FOLLOWING INFORMATION I AM FORWARDING THIS COURT, IS RELEVANT TO THE
ABOVE CIVIL RIGHT(s) COMPLAINT(s) CASES BECAUSE OF SEPARATE PARTIES INVOLVE
WITHIN THEIR OWN BILL OF PARTICULARS/DEMAND FOR DISCOVERY MOTION OF
APPLICATIONS. I WOULD LIKE TO FILE THIS PIECES OF SUPPORTIVE INFORMATION
ATTACHED WITH THIS LETTER, I BELIEVE STRONGLY USEFUL TO SUPPORT THE
MISJUSTICE AND DISCRIMINATION DONE TO ME. IT IS RELEVANT TO ABOVE CASES
ESPECIALLY, THE RELATED CASE THAT I AM CONTIGENT WITH PRIVATE ATTORNEY
DAVID ANTHWORK  WITHOUT PREJUDICE THAT OCCURED IN 2013, IN WHICH HAS/BEEN
PUT ON SCHEDULE FOR TRIAL, THE RELATED CASE: 2:13-CV-07271-JMA-AyS.

I took IN CONSIDERATION TO WRITE THE FOLLOWING LETTER ATTACH TO THE SUPERINTENDENT
TO MAKE SURE THEY (NCCC STAFFS) ARE AWARE OF MY MISJUSTICE AND DISCRIMINATION
SINCE THE DAY I WAS ADMITTED INTO NASSAU COUNTY CORRECTIONAL CENTER (FACILITY) ON 4/28/2021
ILLEGALLY, THE FEDERAL RULE OF CRIMINAL PROCEDURE(s) 395.g; PROCESS TO WHOM ISSUED;
ARRESTS WITHOUT PROCESS. IT APPLIES UNDER THE NAME(s) JONATHAN NEIRA, JONATHAN
NEIRA MARQUEZ, JONATHAN WILLIAM NEIRA MARQUEZ BEING THE SAME PERSON, WHICH MY
ARTICLE(s) OF ORGANIZATION FOR MY FOREIGN ENTITY BUSINESS "J WILLIAM FAMILY
FIRST LLC" FILED AS; REGISTER AGENT OF SERVICE PROCESS, COMMERCIAL REGISTER
AGENT SINCE 2017, WAS DROPPED OFF BY POLICE OFFICERS AT NCCC AS
ARRESTED INDIVIDUAL UNDER THE FOLLOWING NAME: JONATHAN NEIRA VIOLATING MY
ARTICLE 180 AND MEMORANDUM OF LAW RIGHTS By POLICE DEPARTMENT COUNTY OF

1

NASSAU, OFFICE OF DISTRICT ATTORNEY LOCATED IN MINEOLA NY
11501.

Jonathan Nava

PRO SE

To: SUPERINTENDENT                                    1/26/22

FROM: JONATHAN NEIRA

CC: 2021000681

LOC: E1 - F24


        SIR/MADAM, I REQUEST A FULL SUMMARY COMPUTATION PRINT OUT OF
ALL DAYS I HAVE BEEN INCARCERATED SINCE ADMITTED DATE 4/22/21 INTO NCCF
WITH NON-EXISTING CHARGES IN VIOLATION OF ARTICLE 180 AND MY
MEMORANDUM OF LAW RIGHTS SINCE COMMENCED ARRESTED DATE 4/21/21 AND
UPON ARRAIGNMENT DATE 4/22/21 FOR LEGAL PURPOSES.

        UPON ARRIVAL INTO NCCC, I WAS DROPPED OFF BY POLICE OFFICERS
WHICH FEDERAL RULES OF CRIMINAL PROCEDURES UNDER 3959 PROCESS TO
WHOM ISSUED; ARRESTS WITHOUT PROCESS ARE ALLEGAL AND A LIABILITY AS
A WHOLE TO THE NCCF, ESPECIALLY WITH PERSONAL PROPERTY RECEIPT
STATING ARREST NUMBER AND CASE FOLDER NUMBER TO BE RELEASE OVER NIGHT
AS SHOWN...


ARREST NUMBER: 2021AR504205    CASE FOLDER NUMBER: 2021CR332434
                    NEIRA, JONATHAN


                                        Jonathan Neira

                                        PRO SE

TO: DOUGLAS C PALMER                                    2/19/22
CLERK OF COURT

FROM: JONATHA NEIRA

CASE(S)#: 2:21-CV-06747-JMA-AyS
#: 2:21-CV-04338-JMA-AyS


I WOULD LIKE to REPORT AND FILE MORE SUPPORTIVE DOCUMENTS THAT I
HAVE SENT to NASSAU COUNTY COURtHOUSE IN MINEOLA NY 11501, tHE FOLLOWING
COPIES WHILE I WAIt FOR RELEASE OWN RECOGNIZANCE AND tHIS MONETARY
MATTER to PROCEED to FIND tHE PROPER SOLUTION IN FAVOR to MY UNLAWFUL
INCARCERATION IN VIOLATION OF ARTICLE 180 AND MY MEMORANDUM OF LAW RIGHTS
STILL CONTINUING VIOLATING PLAINTIFF NEIRA.


                                        Jonathan Neira
                                        PRO SE

COUNTY COURT : COUNTY OF NASSAU
STATE OF NEW YORK Hon:

---

THE PEOPLE OF THE STATE OF NEW YORK

-against

_NEIRA, JONATHAN_
Defendant.

NOTICE OF MOTION TO
DISMISS INDICTMENT
PURSUANT TO C.P.L.
210.20 AND 190.50(5)(c)

Indictment No.
Docket No. CR-332434- 2021

JONATHAN NEIRA

PLEASE TAKE NOTICE, that upon the annexed affidavit of _____ (defendant),

and upon all the proceedings heretofore had herein, the undersigned will move this

court at a Criminal term part, to be held at the Nassau County Courthouse located at 262 Old

Country Road Mineola, N.Y. 11501, on the _21_ day of _DEC._ 20_21_ or as soon thereafter

as he may be heard for an order dismissing the indictment pursuant to C.P.L 190.50(5)(c), upon

the ground(s) that he was denied his statutory right and opportunity to testify before the grand

jury, and the defendant was not given notice that said cause was being presented to a grand jury

on said date and time.

DATED: _DEC, 21_ - 20_21_

Respectfully
_JONATHAN NEIRA_
Defendant Pro Se
Jonathan Neira

COUNTY COURT : COUNTY OF NASSAU
STATE OF NEW YORK Hon:

---

THE PEOPLE OF THE STATE OF NEW YORK

**SUPPORTING AFFIDAVIT**
Indictment No._____

Docket No. CR-332434-2021

-against-

NEIRA, JONATHAN
--------------------------- Defendant. ---------------------------

---

JONATHAN NEIRA_____, the defendant, affirms all the following facts to be true to the best of his knowledge, pursuant to the penalities of perjury:

1. I am the defendant in the above titled action.

2. The defendant moves for a dismissal of the indictment pursuant to C.P.L. 210.20 and 190.50(5)(c) upon the ground(s) that the District Attorney and/or defendant's defense counsel failed to inform the defendant that said case was being presented to the grand defendant herein was denied his constitutional rights to testify in front of the grand jury in where the defendant wished t be heard before the grand jury and his appearance was waived without his knowlwdge and consent. Defenant herein shouls have been appraised as to his case was being presentend for grand jury for indictment consideration. I am the defendant in where the 14th Amendment rights were violated, In where the said case alleged by the Police and the Prosecutor Defendant now seeks a dismissal of the said charges:
APRIL 21, 2021
ARREST NUMBER: 2021AR504205     CASE FOLDER NUMBER: 2021CR332434

---

3. The defendant was not provided the opportunity to exercise his statutory right to testifiy

AFTER THE 6TH DAY REQUESTED A FELONY

and/or to present evidence in his own his behalf for said reasons listed below:

EXAM (180,80) IN FRONT OF THE D.A. AND PROSECUTOR At ARRAIGNMENT ON 4/22/21 WITHOUT A JUDGE PRESENT, EXCEEDING 144 HOURS COMMENCED By ARREST, DISREGARDING My MEMORANDUM OF LAW WITHOUT AN INFORMATION BEING FILED, SUPPLEMENTAL COMPLAINT FILED ON THE SIXTH DAY WAS UNTIMELY AND COULD NOT BE CONSIDERED, D,A. AND PROSECUTOR CREATED THE FOLLOWING DOCKET NO. CR-004974-21NA UNDER CRIMINAL PROCEDURE LAW WITH THE ALLEGED CHARGES to IMPETE My RELEASE; CPL § 190.50(S)(a); CPL §245.20(1), CPL § 255,20 AND CPL § 250.20

claims. Defendant herein will petition this court pursuant to C.P.L. 210.20 and 190.50(5)(c) upon the

ground(s) that the District Attorney information is insufficient to substian a felony herein. See case law
indicated below.

4. The defendant did not orally or by written document waive his statutory right to testify

and/or to present evidence in his own defense to these false charges.

5. An indictment has been voted upon by the grand jury and the defendant has been

arraignment upon such.

6. A criminal action to prosecute a felony may be commenced in one of two ways: the filing of a
felony complaint in a local criminal court, or the filing of a Grand Jury indictment in a superior court.

1. Article 180 of the C.P.L. prescribes the procedure to be followed when the action is
commenced by the filing of a felony complaint.1. Upon the defendant's arraignment before a local
criminal court upon a felony complaint, the court must immediately inform him, or cause him to be
informed in its presence, of the charge or charges against him and that the primary purpose of the
proceedings upon such felony complaint is to determine whether the defendant is to be held for the action
of a grand jury with respect to the charges contained therein. The court must furnish the defendant with a
copy of the felony complaint.

2. The defendant has a right to a prompt hearing upon the issue of whether there is sufficient
evidence to warrant the court in holding him for the action of a grand jury, but he may waive such right.

3. The defendant has a right to the aid of counsel at the arraignment and at every subsequent
stage of the action, and, if he appears upon such arraignment without counsel, has the following rights:

(a) To an adjournment for the purpose of obtaining counsel; and

(b) To communicate, free of charge, by letter or by telephone, for the purpose of obtaining
counsel and informing a relative or friend that he has been charged with an offense; and

(c) To have counsel assigned by the court in any case where he is financially unable to obtain the
same.

4. The court must inform the defendant of all rights specified in subdivisions two and three. The
court must accord the defendant opportunity to exercise such rights and must itself take such affirmative
action as is necessary to effectuate them.

5. If the defendant desires to proceed without the aid of counsel, the court must permit him to do so if it is satisfied that he made such decision with knowledge of the significance thereof, but if it is not so satisfied it may not proceed until the defendant is provided with counsel, either of his own choosing or by assignment. A defendant who proceeds at the arraignment without counsel does not waive his right to counsel, and the court must inform him that he continues to have such right as well as all the rights specified in subdivision three which are necessary to effectuate it, and that he may exercise such rights at any stage of the action.

6. Upon the arraignment, the court, unless it intends immediately thereafter to dismiss the felony complaint and terminate the action, must issue a securing order which, as provided in subdivision two of section 530.20, either releases the defendant on his own recognizance or fixes bail or commits him to the custody of the sheriff for his future appearance in such action. No where was the proper procedures here were properly followed. The Police never questioned the defendant to see if these allegations were true or untrue. In a Criminal proceeding every element of the crime[s] has to be proven to be factual anything other than that violates the rights to due Process.

The alleged incident took place on or about:
INSIDE CVS BUSINESS ESTABLISHMENT LOCATED ON GRAND AVENUE BALDWIN HARBOR NY 11510. ON 4/27/21 AROUND 9:45A.M — 10:45 A.M.

## MEMORANDUM OF LAW

7. For purposes of this section providing for release on his own recognizance of a defendant who has been held for five days on a misdemeanor complaint without an information being filed, supplemental complaint filed on the sixth day was untimely and could not be considered. People v. Matthews, 1981, 110 Misc.2d 863, 443 N.Y.S.2d 122.a defendant, who still has a right to proof by non-hearsay evidence of reasonable cause to believe he or she committed an offense, is not held in custody on the basis of the hearsay felony complaint for an unreasonable period awaiting a determination by a Grand Jury on the basis of competent evidence.

Absent a showing of some compelling reason for delay in commencement of the preliminary hearing, this section mandates the granting of an application for defendant's release on recognizance, unless the hearing is commenced or proof that the Grand Jury has voted to charge the defendant is filed within a 120 hour period following commencement of custody. An additional twenty-four hours is allowed where a Saturday, Sunday or legal holiday is involved: but the total cannot exceed 144 hours, even if the arrest occurred on a Saturday and Monday is a legal holiday. Significantly, where custody commences by arrest, the hours start to tick away immediately and not simply upon commitment after arraignment. Accordingly, processing time and time awaiting arraignment are included in the computation.

Naturally, where the hearing has been waived, or where the delay is due to some action by the defendant, or with the consent of the defendant, release is not required (see subd. 1),Subdivision three makes it clear that good cause for excusing the delay must be based upon a fact or circumstance relating

to the disposition of the felony complaint. One such reason might be that the victim is in the hospital in critical condition. But the usual case where this statute would come into play is where the district attorney has no intention of proceeding with a hearing on the felony complaint and plans to short-circuit that procedure by securing an indictment. Note that delay caused by problems in completing the Grand Jury proceeding will not qualify under subdivision three, and the defendant must be released. This has led to claims that the People have unfairly short-circuited presentation to achieve an indictment before the date for defendant's release. E.g, where submission to the Grand Jury is timed to cut-off defendant's opportunity to exercise the CPL § 190.50 [5] right to testify before that body, see People v. Evans, 79 N.Y.2d 407, 583 N.Y.S.2d 358, 592 N.E.2d 1362 (1992); c.f., People v. Darrett, 2 A.D.3d 16, 769 N.Y.S.2d 14 (1st Dept., 2003); or where the People, having made an inadequate presentation, secure a vote and subsequently present more evidence to firm up a prima facie case with a second vote, see People v. Cade, 74 N.Y.2d 410 at 420-421, 548 N.Y.S.2d 137, 547 N.E.2d 339 [1989] [opinion of Kaye, J. dissenting]).Note that where the prosecutor relies upon the fact that the Grand Jury has acted in order to prevent the automatic release, subdivision two requires that proof be filed prior to the application for release. But the People's written certification that an indictment has been voted will suffice (the indictment need not actually have been drawn, signed and filed), unless the Grand Jury action has resulted in a direction to file a prosecutor's information, in which case the direction must actually have been signed and filed.Delay in Grand Jury action following a preliminary hearing, or where a hearing has been waived, is dealt with under the provisions of CPL § 190.80.

8. The Criminal Procedure Law imposes a new obligation on prosecutors under CPL 190.50(5)(a): a defendant must be informed that a Grand Jury proceeding against that person is pending, in progress or about to occur, if that person has been arraigned on an undisposed felony complaint charging an offense which is a subject of the prospective or pending Grand Jury proceeding. CPL 190.50(5)(a) then adds in pertinent part that "[w]hen a criminal charge against a person is being or is about to be or has been submitted to a grand jury, such person has a right to appear before such grand jury as a witness in his [or her] own behalf if, prior to the filing of any indictment * * * he [or she] serves upon the district attorney of the county a written notice making such request" (emphasis added). Once an accused serves such notice requesting an appearance before the Grand Jury, the District Attorney "must notify the fore[person] of the grand jury of such request, and must subsequently serve upon the applicant * * * a notice that [the applicant] will be heard by the grand jury at a given time and place. Upon appearing at such time and place * * * such person must be permitted to testify before the grand jury and to give any relevant and competent evidence concerning the case under consideration" (CPL 190.50[5][b] ). The District Attorney must afford defendant "reasonable [79 N.Y.2d 413] time" to exercise the right to appear as a witness at the Grand Jury (CPL 190.50[5][a] ).

Current through L.2009, chapters 1 to 14 and 16 to 347.

§ 100.15 Information, misdemeanor complaint and felony complaint; form and content

1. An information, a misdemeanor complaint and a felony complaint must each specify the name of the court with which it is filed and the title of the action, and must be subscribed and verified by a person known as the "complainant." The complainant may be any person having knowledge, whether personal or upon information and belief, of the commission of the offense or offenses charged. Each instrument must contain an accusatory part and a factual part. The complainant's verification of the instrument is deemed to apply only to the factual part thereof and not to the accusatory part.

2. The accusatory part of each such instrument must designate the offense or offenses charged. As in the case of an indictment, and subject to the rules of joinder applicable to indictments, two or more offenses may be charged in separate counts. Also as in the case of an indictment, such instrument may charge two or more defendants provided that all such defendants are jointly charged with every offense

alleged therein.

3. The factual part of such instrument must contain a statement of the complainant alleging facts of an evidentiary character supporting or tending to support the charges. Where more than one offense is charged, the factual part should consist of a single factual account applicable to all the counts of the accusatory part. The factual allegations may be based either upon personal knowledge of the complainant or upon information and belief. Nothing contained in this section, however, limits or affects the requirement, prescribed in subdivision one of section 100.40, that in order for an information or a count thereof to be sufficient on its face, every element of the offense charged and the defendant's commission thereof must be supported by non-hearsay allegations of such information and/or any supporting depositions.

4. Where a felony complaint charges a violent felony offense defined in section 70.02 of the penal law and such offense is an armed felony as defined in subdivision forty-one of section 1.20,

(a) the accusatory part of the instrument must designate the offense as an armed felony, and (b) the factual part of the instrument must allege facts of an evidentiary character supporting or tending to support such designation.

9. An order shall be made herein dismissing an accusatory instrument or a count thereof, entered pursuant to section 170.30, 170.50 or 210.20, or an order terminating a prosecution pursuant to subdivision four of section 180.85; in lieu that the complaintant cannot be trusted and that her word comes into play in where she has made allegations before and has an arrest warrant pending for various crimes of Perjury and Grand Larceny. see also Arizona v. Rumsey, 467 U.S. 203, 104 S.Ct. 2305, 81 L.Ed.2d 164 (1984)). This applies as well to reversal of a conviction by an appellate court due to a finding of evidentiary insufficiency. The safeguards against the deprivation of individual liberties contained in the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution apply only to activities of either the state or federal governments. U.S.C.A. Const.Amends. 4, 5, 8, 14. . All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws. U.S.C.A. 14.

10. Pursuant to the foregoing the defendants information and the alleged crime[s] should be dismissed in the interest of justice. An allegation by this complaintant is false and cannot be trusted and the accusatory instrument is invalid as a matter of law. Defendant shall be released in Lieu A felony complaint must be based on a factual alleagtion not on a whim. A felony complaint is based upon accurate and correct information not based upon a person whom wants to committ perjury on that giving date. I take it that if everything in this case is appraised and the Police records are properly examined and the Police Reports examined and the statements made under perjury charges should be dismissed.

11. Primary purpose of grand jury is to protect innocent from unjust prosecution. District attorney has duty to present to grand jury all evidence relating to crime and particularly such evidence as may tend to show that accused did not commit the crime.This defendant may well have been better off had the charge not been dismissed at the preliminary hearing, because he then would have known that the charge would have to be presented to the Grand Jury and he could have exercised his right to testify on his own behalf merely by requesting same. The relief requested by the defendant on this motion has been granted in similar situations in the following cases: People v. Rosen, Co.Ct., 74 N.Y.S.2d 624; People v. Decker, 11 A.D.2d 600, 200 N.Y.S.2d 655; and very recently in People v. Lazar, 51 Misc.2d 233, 272 N.Y.S.2d 898, June 27, 1966.In the interest of justice and to assure to the defendant his right to have his testimony heard

by a Grand Jury, and to insure the fair administration of the criminal law in our courts, the motion is granted. The indictment is set aside and the District Attorney is directed to resubmit the charge herein to the next empanelled Grand Jury.

12.    Cognizant that "Courts have a particular responsibility to prevent unfairness in Grand Jury proceedings ...," the Grand Jury being an arm of the court People v. Ianniello, 21 N.Y.2d 418, 424, 288 N.Y.S.2d 462, 235 N.E.2d 439, The defendant moves for an inspection of the grand jury minutes and for a dismissal of the indictment. This court has read the grand jury minutes of this case as well as the grand jury minutes of People v. Wayne Kitchings (Ind. No. 2441/95) and finds that the indictment in this case must be dismissed. As here this defendant Indictment should be dismissed in the interest of Justice and lack of sufficient evidence to warrant an arrest let alone a Criminal Trial. The court finds that the prosecutor's incorporation of the evidence in the Wayne Kitchings case requires reversal for several reasons. First, it is unclear who, if anyone, was familiar with the testimony. A valid grand jury indictment requires that at least 12 jurors who have heard all the essential and critical evidence have voted to indict People v. Bronfman, 199 A.D.2d 889, 605 N.Y.S.2d 790. In this case, there is no showing that any of the jurors who ultimately voted to indict the defendant heard the evidence in the Wayne Kitchings case. This mandates dismissal pursuant to CPL 210.35. The Court herein found that the evidence was overwhelming to dismiss the indictment.

13.    Trial court has right to make evidentiary rulings which affect presentation of evidence to grand jury in order to preserve defendant's constitutional, common law, and statutory rights before grand jury and has the power and authority to rule on limiting use by prosecution of prior convictions prior to defendant's appearance at grand jury. McKinney's CPL §§ 190.25, subd. 6, 190.30, subds. 6, 7. Emphasis placed by district attorney on defendant's drug past and erroneous reference to sale conviction in grand jury proceedings clearly resulted in prejudice to defendant's credibility and deprived defendant of meaningful opportunity to tell his story in impartial fashion; this prejudice, in turn, nullified defendant's right to appear as witness on his own behalf and shifted grand jury's attention away from facts of case, requiring dismissal of indictment. McKinney's CPL § 190.50, subd. 5. The defendant in this action asserts that the prosecutor, as an advocate and a public officer, is not only obligated to protect the public interest but must protect the rights of the accused as well, and must also appear to be disinterested and impartial People v. Lofton, 81 Misc.2d 572, 575, 366 N.Y.S.2d 769. Here it is totally lost in where the defendant here never autorized anyone to waive his appearence to the Grand Jury orally or in writing.

14.    Defendant further alleges that the prosecutor's quasi-judicial duties are to seek indictments and to see that justice is done People v. Pelchat, 62 N.Y.2d 97, 476 N.Y.S.2d 79, 464 N.E.2d 447. Grand jury indictment had to be dismissed in light of cumulative errors committed by People, including requirement that witness testify under waiver of immunity and charging grand jury that it should evaluate witness' testimony as alibi witness; errors combined to impair integrity of grand jury proceeding such that prejudice to defendant might have resulted. McKinney's CPL § 210.35, subd. 5. See People v. Bautista 625 NYS 2d 1008. Prospective defendant's right to testify before grand jury encompasses only those matters relevant to case before grand jury. McKinney's CPL § 190.50, subd. 5. Defendant's right to testify before grand jury is an absolute right and cannot be abridged by giving the defendant the opportunity to testify but compromising his right to effective assistance of counsel before waiving immunity and being subject to cross-examination by the People at that proceeding. McKinney's CPL § 190.50, subd. 5.

15.    The defendant timely moves for a dismissal of the indictment on the ground that the Grand Jury proceeding was defective pursuant to CPL Section 190.50 (subd. 5) in that he was denied the right to testify before the Grand Jury with the effective see People v. Trammell, 680 NYS2d. 828. In the present case it cannot be fairly said that defendant was afforded an opportunity to testify before the Grand Jury. CPL Section 190.50(5) provides, in its pertinent part, as follows:

(a) When a criminal charge against a person is being or is about to be or has been submitted to a grand jury, such person has a right to appear before such grand jury as a witness in his own behalf ...

(b) ... Upon appearing ... and upon signing and submitting to the grand jury a waiver of immunity pursuant to section 190.45, such person must be permitted to testify before the grand jury and to give any relevant and competent evidence concerning the case under consideration. Upon giving such evidence, he is subject to examination by the people. [Emphasis supplied.].[178 Misc.2d 756] The defendant's right to testify before the Grand Jury is an absolute right. That right cannot be abridged by giving the defendant the opportunity to testify but compromising his right to effective assistance of counsel before waiving immunity and being subject to cross-examination by the People at that proceeding. Defendant Bailey was not afforded this right under CPL 190.50, 190.45 to testify in his own behalf.

16.   The legal significance for a defendant testifying before a Grand Jury is enormous. Not only must the defendant waive immunity but his Grand Jury testimony could be used by the People in their case in chief even without the defendant testifying at trial. The defendant is also subject to cross examination by the prosecutor without the benefit of a presiding Judge. Furthermore, the defendant's counsel clearly advised the Court that he did not have sufficient opportunity that morning to review the defendant's case file and adequately advise the defendant as to whether or not he should testify before the Grand Jury. See also People v. Hill ,801 NYS2d.794 in contrast to the way the people opearate in the Grand Jury proceedings is in direct conflict of what the Appellate Courts have said and what the Court of Appeals have ruled when a criminal defendant is denied his rights to testify and or present evidence in his own behalf to the Gran jury.

17. The only Legal explanation would be that under Cross Examination by counselor at a Felony Hearing, huntley or sandoval hearing that the complaintant would have to reveal specific information and the people as well as the Polce Department want to keep his testimony from an open record due to an unforseen circumstance. defendant expressed to counsel that defendant wanted to testify in the Grand Jury to tell my part of the story I was denied my constitutional right to do so defendant is in the same position as defendant Hill Supra Id at 794. Defendant herein is entitled to the relief that is sought in this petition herein.

No previous application has been made for the relief sought herein. The defendant

make's this motion in a timely fashion not more than subsequent arraignment upon the

indictment the indictment shall be dismissed. Defendant is entitled to specific performance that is oulined

herein in paragraphs 1-16.

*WHEREFORE*, The defendant respectfully request that an order be entered herein dis-

missing the indictment, and or a hearing on the prima facie of said motion and for all further relief as the

court deems just and proper.

DATED: _DEC. 21_ , 20_21_

Respectfully Submitted
JONATHAN NEJRA
Defendant Pro Se

Jonathan Neira

Sworn to me before this
21 Day of February 2010 DEC, 2021
Demi M Berry

Notary Public MICHAEL BERRY
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01BE6416781
Qualified in Nassau County
Commission Expires April 26, 20 25

DEC 2 1 2021

cc: District Attorney Office
Clerk o the Court
262 Old Country Rd.
Mineola, New York 11501

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-------------------------------------------------------------------X

THE PEOPLE OF THE STATE OF NEW YORK,

-against-

NEIRA, JONATHAN                    Defendant.
-------------------------------------------------------------------X

F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   FEB 0 4 2022   ★

LONG ISLAND OFFICE

SUPPORTING AFFIDAVIT

State of New York    )
                     : ss.:
County of Nassau     )

I, JONATHAN NEIRA , being duly sworn, depose and say:

1.      I am the Defendant in the above captioned action, and as such I am fully familiar with all of the facts and circumstances of this case.

2.      I have been charged by Indictment with the crimes of

CPL § 190.50(5)(a), CPL § 245.20(1), CPL § 255.20 AND CPL § 250.20

3.      The instant affidavit is made in support of a motion requesting a number of different forms of relief.

4.      For the convenience of the Court it has been divided into a number of different subheadings, appropriately labeled "Discovery", "Brady Material", "Bill of Particulars", "Dismissal of Indictment", and "Leave to File Additional Motions", as they deal with the particular type of relief sought.

## DISCOVERY

5.      Section 240.10 et seq. of the Criminal Procedure Law sets forth the circumstances under which a Defendant may be granted an opportunity to inspect, copy and examine material which is in the possession of or under the control of the Prosecutor and which, moreover, is relevant to the case at bar.

6.      Where useful in the preparation of a defense, such discovery is generally permitted so long as it does not encroach upon the work product of the Prosecutor.

7.      Underlying this policy is an apparent recognition of the vastly superior evidence gathering and evidence generating resources of the State.

8.      It is believed that the People are presently in possession of significant amounts of such material as is contemplated by the enumerated discovery sections of the Criminal Procedure Law, and that access to such material is necessary to the preparation of an adequate defense.

/

9. It is respectfully requested that the defense be permitted to examine, photograph, photocopy and where appropriate subject to independent analysis or testing, the following items of physical, scientific or technical material:

a. Any and all photographs, exclusive of identification photographs, taken with respect to the investigation into the instant charges.

b. Any electronic transcriptions or tape recordings of conversations in any way involving the Defendant.

c. The check, draft or currency allegedly given by defendant to MANTOVAN M in return for MONTELEOFE III M's exercise of influence in the case of People of the State of New York VS NETRA JONATHAN M.

d. The serial number(s) or any other identifying symbols on said check, draft or currency which was given to PRIESTON M to influence the above mentioned case.

e. Any and all materials examined for dermatoglyphic evidence, and any reports by fingerprint experts whether positive or negative in regards to the Defendant.

f. Any and all financial records, including records of deposit and withdrawal, which the prosecution may reasonably expect to utilize in the forthcoming trial.

10. Section 240.20(1)(b) of the Criminal Procedure Law permits defense discovery of written or recorded statements made by the Defendant to a law enforcement officer or one "then acting under his direction or in cooperation with him", where such statement is knowingly possessed by the District Attorney or "should by the exercise of due diligence on his part become known to him to exist." Discovery of such statements, if they exist, is both material and necessary to the defense of this action.

BRADY MATERIAL

11. In the landmark case of Brady vs. Maryland, 373 U.S. 83, the United States Supreme Court recognized a continuing prosecutorial duty to disclose to criminal defendants any information which could prove favorable to said Defendants.

12. This duty was extended not only to specifically exculpatory information, but to all favorable information, including that which might prove useful in mitigation of sentence.

13. The instant request for such potentially favorable evidence or information includes such material which is within the possession, custody or control of the District Attorney and known by him to exist, or which by the exercise of due diligence on his part should become known to him to exist.

14. It is believed that minimally, disclosure of the following would be favorable to the defendant:

a. Any manual of procedure, internal guidelines, policy statements or other information detailing the methods and prerequisites by which the District Attorney's Office recommends the reduction of criminal charge(s) against an individual who agrees to plead guilty to reduced charge(s) *[particularly such charges as were originally placed against one*

Mr. *Nerd, Jonathan* A, *referred to in the indictment].*

   b. If such a policy is in fact followed by the District Attorney of *Nassau county*, then whether the reduction of charges against *Nerd, Jonathan* A was effectuated in a manner conforming to such a policy with the concurrence of the Assistant District Attorney involved.

   c. Whether it is in fact a common practice in the Justice Court of the Town of *Mineola* to permit a criminal defendant to plead guilty to reduced offenses in return for a reduction of the more serious charges of which he was originally accused.

   d. The criminal records of prosecution witnesses or any other information that calls their credibility into question.

   e. Whether *Mantovan* took any action influencing the case of the People of the State of New York vs. *Nerd, Jonathan* A or whether he offered or agreed to take such action, or whether, having agreed to take such action, he thereafter failed to take such action.

   f. Whether *Evan Prieston* M has been granted immunity from prosecution relating to his activities concerning the above-mentioned case or whether there is any agreement between *Evan Prieston* M and the District Attorney of *Nassau* County that he will or may be dealt with favorably by the District Attorney of *Nassau* County in return for his testimony against *Mantovan* G.

   g. Whether *Monteleone* M, or any other potential prosecution witness, in the course of the events referred to in the indictment took any action or made any agreement which would or could reasonably render him an "accomplice" to *Prieston* G, as that term is defined in section 60.22 of the Criminal Procedure Law.

   h. Whether the ultimate disposition of the charges against *Nerd, Jonathan* A was in any respect improper, improvident, or unusual under the circumstances of this case.

## BILL OF PARTICULARS

  15. Section 200.90 of the Criminal Procedure Law authorizes a defense application for a Bill of Particulars setting forth specific items of factual information not recited in an indictment.

  16. The primary standard for furnishing such relief is the necessity of the information requested to the preparation of an adequate defense.

  17. Mr. *Nerd, Jonathan* G has been charged with bribery and with obstructing governmental administration.

  18. The charges are interrelated and apparently based upon the identical alleged conduct.

  19. In each instance, the gravamen of the charges is an allegation that Mr. _____ G paid a _____ policeman $_____ upon the agreement that he would do something to advantage a criminal defendant.

  20. The time span of the criminal activity alleged in the indictment is the entire month of *October*, 20 *21* The sole location of the action alleged is the "County of *Nassau*."

  21. It is nowhere alleged in the indictment whether the criminal transaction

3

complained of occurred at one particular time, or in the course of several meetings or contacts.

22. Matters are complicated further by the fact that the District Attorney has served upon the defense a demand for Notice of Alibi (see attached copy of same).

23. The Defendant can neither respond to this demand nor, in fact, develop a coherent alibi defense based upon the information contained in the indictment.

24. In this regard it is requested that the indictment be particularized through brief statements setting forth the following information.

    a. The number of illicit contacts had between the defendant and Mr. *EVAN PRIESTON* M during *MAY 4* of 20*21*

    b. The location of each such contact, or whether the contact was telephonic.

    c. The approximate time and date of each such contact, to the extent possible.

    d. The date and location at which $6,000 was allegedly paid to Officer *EVAN PRIESTON* M, and whether such alleged payment was made before or after the disposition of the charges against Mr. *NEJRA JONATHAN* A.

25. By delineating with certainty the nature and substance of the charges at bar, a bill of particulars serves the major function of insuring that a Defendant may not be twice tried for the same crime.

26. The spectre of potential double jeopardy is raised by the significant factual elements concerning which the instant indictment is conspicuously silent.

27. To eliminate this potential prejudice to the defendant, it is respectfully requested that the indictment be further particularized by setting forth the following information.

    a. The nature of the original charge against *NEJRA JONATHAN* A.

    b. The nature of the "understanding" with *PRIESTON* M, including the fashion in which *MANTOVAN* M was to have acted or did act in order to assist *JONATHAN NEJRA* A.

    c. The exact nature of the official function of *JONATHAN NEJRA* M which it is alleged that Mr. *MANTOVAN* G impaired, obstructed or perverted or attempted to impair, obstruct or pervert, as charged in Count 2 of the indictment.

## DISMISSAL OF THE INDICTMENT

### A. Insufficient Grand Jury Evidence

28. Defendant has moved in accord with Section 210.30 of the Criminal Procedure Law for an in camera inspection of the minutes of the *NASSAU* County Grand Jury taken with respect to the instant case, and for dismissal of the indictment should it appear not to have been based upon adequate evidence.

29. In order to support an indictment, evidence before a grand jury must be "legally sufficient evidence", as that term is defined in section 70.10 of the Criminal Procedure Law.

30.    Grand jury evidence which consists solely of the uncorroborated testimony of an accomplice cannot meet the test of legal sufficiency as that term is defined in the Criminal Procedure Law (see section 60.22 of the Criminal Procedure Law).

31.    Your deponent and members of his firm have learned in the course of conversation with members of the prosecutor's staff that the sole evidence of wrongdoing on the part of the Defendant was introduced to the Grand Jury through EVAN PRESTON M.

32.    Counsel believes (but cannot state with assurance until completion of the discovery portion of this motion) that the ultimate disposition in People v. KERR, JOHNNY A was in no fashion unusual or of a type which would itself lend credence to a charge of impropriety. [Note: This disposition consisted of a plea to 2 counts of Section 240.20(7) of the Penal Law (disorderly conduct), in satisfaction of a charge of Section 165.15(1) of the Penal Law (theft of services), and a charge of Section 165.17 of the Penal Law (unlawful use of a credit card). The Defendant involved apparently had no prior criminal record.

33.    A reading of the Indictment indicates that Grand Jury witness EVAN PRESTON M must be regarded as an accomplice with respect to the crimes charged in the indictment.

34.    The request for inspection of the minutes of the Grand Jury is predicated upon the foregoing information.

B. Improperly Constituted Grand Jury

35.    The relief requested in this portion of the motion is predicated upon counsel's belief that the Grand Jury which returned this Indictment was selected in accordance with a procedure which virtually insured that said Grand Jury would not represent a cross-section of the community, that is,  NASSAU  County, New York.

36.    Section 665(7) of Judiciary Law of the State of New York formerly permitted women to claim exemption from jury duty. This exemption was granted automatically upon request and was in no fashion predicated upon a showing of need. (Cf. Exhibit A, attached).

37.    The Grand Jury which returned the instant Indictment was empanelled on the *[6th of January, 1975]* (Cf. Exhibit B).

38.    This Grand Jury was selected from a pool of 130 persons, whose names are set forth in Exhibit B.

39.    Of this pool of potential Grand Jurors, 37 were women (Cf. Exhibit B).

40.    From this pool of potential Grand Jurors, 23 were selected for service. Of these only 7 were women (Cf. Exhibit C).

41.    The attached *[1970]* Census data for  NASSAU  County, New York (Exhibit D) clearly demonstrates the dramatic underrepresentation of women on the panel from which the

5

instant Grand Jury was selected, as well as the Grand Jury itself.

42. In the absence of any other viable explanation of this significant underrepresentation, counsel believes that this disproportion can only be attributed to the indiscriminate exemption from service which had been granted to women by the State of New York.

43. It is the contention of counsel that any process of selection of Grand Jurors which operates to systematically insure that said Grand Juries do not reflect a cross-section of the community in which they are empanelled is offensive to the Sixth and Fourteenth Amendments to the Constitution of the United States of America (Cf. Taylor vs. Louisiana, 95 S.Ct. 692, Exhibit E, attached).

44. It is the further contention of counsel that any Indictment returned by a Grand Jury selected under a constitutionally impermissible system suffers from and is tainted by that same constitutional infirmity which afflicts the selection process (Alexander vs. Louisiana, 92 S.Ct. 1221, Exhibit F, attached).

45. The Legislature has acted to remedy this impermissible selection process (see McKinney's Session Laws of 1975, Vol. 1 pp. 4 to 6), and Governor Carey stated that Section 665(7) of the Judiciary Law would undoubtedly have been declared unconstitutional under the Taylor decision (Exhibit G, attached).

## LEAVE TO FILE ADDITIONAL MOTIONS

46. Deponent is aware of the 45 day period from arraignment within which pre-trial motions must be filed (Section 255.20(1) of the Criminal Procedure Law).

47. However, deponent believes that until the People provide Defendant with the matter requested in the "Discovery", "Brady Materials", "Bill of Particulars" and "Dismissal of the Indictment" portions of this affidavit, he would be unable to ascertain whether additional relief should be prayed for.

48. Therefore, deponent requests that the relief prayed for in this motion be granted in the "interests of justice."

WHEREFORE, your deponent requests that Orders issue granting to the Defendant the relief prayed for herein.

Respectfully submitted,

JONATHAN NEIRA

Jonathan Neira

Sworn to before me on this

31 day of January, 2006.

Notary Public

KEVIN MICHAEL BERRY
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01BE6416781
Qualified in Nassau County
Commission Expires April 26, 20__

DISTRICT COURT NASSAU COUNTY
STATE OF NEW YORK

_____

THE PEOPLE OF THE STATE OF NEW YORK

Respondent

Against

NEIRA, JONATHAN
_____
Defendant

_____

**NOTICE OF MOTION
TO DISMISS COMPLAINT**
Docket # CR332434-2021


Please take notice, that upon the annexed affirmation of JONATHAN NEIRA _____, and upon
the felony complaint filed against the above named defendant on the 21 day of APRIL ,
20 21 , and the arraignment had herein, the undersigned will move to make a motion before a
Justice of the District Court seeking to have the complaint dismissed and/or releasing the
defendant upon the grounds that the people have failed to commenced trial upon the complaint in
violation of CPL 30.30 (1)(b). This motion is pursuant to CPL 170.30 (1)(e).

1

DISTRICT COURT NASSAU COUNTY
STATE OF NEW YORK

THE PEOPLE OF THE STATE OF NEW YORK

**Affirmation**

Docket #CR332434 - 2021

Against

NEIRA, JONATHAN

Defendant

The Defendant, JONATHAN NEIRA , affirms that all of the following to be true pursuant to the penalties of perjury that:

1) On the 22 day of APRIL , 20 21 the defendant was arraigned in the District Court upon a misdemeanor complaint for the crimes of: SEARCH AND SEIZURE INSIDE CVS BUSINESS ESTABLISHMENT.

2) At no time during or subsequent the filling of the misdemeanor complaint did the people announce their readiness.

3) The defendant did not request any delays and neither did he consent to any adjournments.

4) Approximately 275 days have elapsed subsequent the filling of the misdemeanor complaint and the defendant has not been brought to trial on said complaint.

5) Criminal Procedure Law Section 30.30 (1)(b) states in relevant part that:
*"Except as otherwise provided in subdivision there, a motion made pursuant to paragraph (e) of subdivision one of section 170.30.......must be granted where the people are not ready for trial within ........ninety days of the commencement of a criminal action"*

6) Moreover, the defendant has been confined in the custody of the Nassau County Sheriffs for approximately 275 days and is entitled, pursuant to CPL 30.30 (2)(b), to be released on his own recognizance.

**Wherefore,** the defendant seek an order from the Court releasing him on his own recognizance due to the peoples failure to be ready for trial within 30 days and/or that the complaint be dismissed due to the peoples failure to be ready for trial within 90 days.

Dated: JANUARY 29 , 20 22 .

Respectfully,

JONATHAN NEIRA
Jonathan Neira

Sworn to before me on this, 21 day of January , 20 22
Kevin M Berry
Notary Public                    **JAN 3 1 2022**

KEVIN MICHAEL BERRY
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01BE6416781
Qualified in Nassau County
Commission Expires April 26, 20 25

CC: Madeline Singas, District Attorney
Office of the District Attorney
262 Old Country Road
Mineola, N.Y. 11501

Clerk of the Court
Nassau County Courthouse
262 Old Country Road
Mineola, N.Y. 11501

3

To: Clerk of the Court

Date: JANUARY 30 20 22

NASSAU COUNTY COURTHOUSE
262 OLD COUNTRY ROAD
MINEOLA, NY 11501

From: JONATHAN NEIRA
100 CARMAN AVENUE
EAST MEADOW, NY 11554

Motion: TO DISMISS COMPLAINT

Dear Clerk of the Court,

Please find enclosed 2 copies of the above listed motion. I have enclosed said number of copies so it may be served upon the District Attorney's Office as well as the court. I would like to thank you in advance for your kind attention in this matter, and I patiently await your response.

Respectfully,

JONATHAN NEIRA

Defendant Pro-Se

4

COUNTY COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU:

_____

THE PEOPLE OF THE STATE OF NEW YORK

PLAINTIFF's,

-against-

NOTICE OF MOTION FOR
REVOCATION OF WAIVERS
BLUE &WHITES
DOCKET#CR 332434-2021

NEIRA, JONATHAN          DEFENDANT

_____

PLEASE TAKE NOTICE, that upon the annexed affidavit of JONATHAN NEIRA,
sworn to on the 3ᴿᴰ day of FEB, 2022 The Felony Complaint herein dated
22 day APRIL 2021, and upon all proceedings heretofore had herein, the
undersigned will move this Honorable Court at the Term thereof, to be held at the
County Courthouse located at 262 Old Country Road Mineola, NY 11501 on the
3ᴿᴰ day of FEB., 2022 or as soon thereafter as counsel can be heard, for an
order restoring all afforded rights granted to the defendant by the constitution, of
the United States and the States of New York and by the statutes of the State Of
New York and the United States, which were waived by signing-the so called
**"BLUE & WHITES"** PURSUANT TO C.P.L 190.80 C.P.L. 180.80, and C.P.L.
30.30, and for such further relief as this court may deem just and proper.

Respectfully Submitted,

JONATHAN NEIRA

DATED: FEB, 3 2022
To: Clerk
To: District Attorney

Sworn to before me
This 3ᴿᴰ day of FEB 2022

_____  FEB 0 3 2022
NOTORY PUBLIC

KEVIN MICHAEL BERRY
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01BE6416781
Qualified in Nassau County
Commission Expires April 26, 20__

NASSAU COUNTY CORRECTIONAL CENTER
100 CARMAN AVENUE
EAST MEADOW, NY 11554

JONATHAN NEIRA
CC: 2021000681
LOC: E1-F24



ZIP 11554 $001.96
02 4W
0000377001 FEB 23 2022

**FIRST CLASS MAIL**

CLERK OF U.S. DISTRICT COURT, EDNY
100 FEDERAL PLAZA
CENTRAL ISLIP, NY 11722

RECEIVED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
FEB 25 2022
LONG ISLAND OFFICE

